UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 1:05cv01851 |
| | ) | Judge Urbina |
| v. | ) | |
| | ) | NOTICE OF FILING OF |
| CLUB FOR GROWTH, INC., | ) | WAIVER OF SERVICE |
| | ) | OF SUMMONS |
| Defendant | ) | |

**NOTICE OF FILING OF WAIVER OF SERVICE OF SUMMONS**

Plaintiff Federal Election Commission hereby files the attached Waiver of Service of Summons, executed on behalf of Club for Growth.

/s/
Lawrence H. Norton
General Counsel

/s/
Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

/s/
David Kolker
Assistant General Counsel
(D.C. Bar #394558)

/s/
Erin Monaghan
Attorney
(D.C. Bar #438434)

```
                                        /s/
                              _____
                              Kai Richter
                              Attorney

                              FOR THE PLAINTIFF
                              FEDERAL ELECTION COMMISSION
                              999 E Street, N.W.
                              Washington, D.C.  20463
                              (202) 694-1650
                              (202) 219-0260 (FAX)
```

Date:  September 30, 2005

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05cv0851 |
| | ) | Judge Urbina |
| v. | ) | |
| | ) | |
| CLUB FOR GROWTH, INC., | ) | WAIVER OF SERVICE |
| | ) | OF SUMMONS |
| Defendant | ) | |

**WAIVER OF SERVICE OF SUMMONS**

To:   David Kolker
      Office of the General Counsel
      Federal Election Commission

    I acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after September 19, 2005, or within 90 days after that date if the request was sent outside the United States.

9/23/05
_____
Date

_____
Carol A. Laham
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, D.C. 20006

RECEIVED
FEDERAL ELECTION COMMISSION
OFFICE OF GENERAL COUNSEL
2005 SEP 28 A 10 04

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05cv01851 |
| | ) | Judge Urbina |
| v. | ) | |
| | ) | |
| CLUB FOR GROWTH, INC., | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2005, I caused to be served by first-class mail, postage prepaid, plaintiff Federal Election Commission's Notice of Filing of Waiver of Service of Summons on defendant Club for Growth, Inc., c/o its counsel, Carol Laham, Wiley Rein & Fielding, LLP, 1776 K Street, N.W., Washington, D.C. 20006.

/s/
Kai Richter
Attorney

FOR THE PLAINTIFF
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C. 20463
(202) 694-1650
(202) 219-0260 (FAX)

Date: September 30, 2005