# EXHIBIT 1

**Federal Election Commission v. The Club for Growth**

**Case No. 1:05cv01851 (RMU)**

 FEDERAL ELECTION COMMISSION

WASHINGTON, D.C. 20463

Stephen Moore, Treasurer
Club for Growth, Inc. PAC                    MAY 1 9 2003
1776 K Street, NW Suite 300
Washington, DC 20006

                         Re:    MUR 5365

Dear Mr. Moore:

    The Federal Election Commission received a complaint, which indicates that the
Club for Growth, Inc PAC ("Committee") and you, as treasurer, may have violated the
Federal Election Campaign Act of 1971, as amended ("the Act"). A copy of the
complaint is enclosed. We have numbered this matter MUR 5365. Please refer to this
number in all future correspondence.

    Under the Act you have the opportunity to demonstrate in writing that no action
should be taken against the Committee and you, as treasurer, in this matter. Please
submit any factual or legal materials that you believe are relevant to the Commission's
analysis of this matter. Where appropriate, statements should be submitted under oath.
Your response, which should be addressed to the General Counsel's Office, must be
submitted within 15 days of receipt of this letter. If no response is received within 15
days, the Commission may take further action based on the available information.

    This matter will remain confidential in accordance with 2 U.S.C. § 437g(a)(4)(B)
and § 437g(a)(12)(A) unless you notify the Commission in writing that you wish the
matter to be made public. If you intend to be represented by counsel in this matter, please
advise the Commission by completing the enclosed form stating the name, address and
telephone number of such counsel, and authorizing such counsel to receive any
notifications and other communications from the Commission.

If you have any questions, please contact Kim Stevenson at (202) 694-1650 or toll free at 1-800-424-9530. For your information, we have enclosed a brief description of the Commission's procedures for handling complaints.

Sincerely,

Jeff S. Jordan
Supervisory Attorney
Central Enforcement Docket

Enclosures:
  1. Complaint
  2. Procedures
  3. Designation of Counsel Statement



Robert F. Bauer
PHONE: 202-434-1602
FAX: 202-654-9104
EMAIL: RBauer@perkinscoie.com

607 Fourteenth Street N.W.
Washington, D.C. 20005-2011
PHONE: 202.628.6600
FAX: 202.434.1690
www.perkinscoie.com

May 13, 2003


Mr. Lawrence Norton
Federal Election Commission
Office of General Counsel
6th Floor
999 E Street, NW
Washington, DC  20463

MUR # 5365

**Re:    Club For Growth**

Dear Mr. Norton:

The ink was barely dry on the Federal Court decision upholding the ban on so-called "issue ads," a ban that was enacted into law and signed by President Bush, when the Club for Growth decided to ignore the law.  The Club for Growth, which publicly states that its purpose is to elect candidates that share its extreme tax-cutting and anti-government philosophy, and to defeat those who do not, has begun an ad campaign in clear contravention of the court's decision.  The Club is now running ads in the states of targeted Senators.

We are filing this complaint, seeking an immediate investigation and enforcement. These Club For Growth ads contravene the plain terms of the statutory test upheld by the three-judge district court in *McConnell v. Federal Election Commission*.  The test validated by the Court prohibits corporations, or organizations funded by corporations, from financing advertising that refers to a specific candidate and "promotes or supports a candidate...or attacks or opposes" that candidate.  2 UCS (f)(3)(A)(ii).  There can be no doubt that the ad in question does precisely that which is prohibited.  It is directed against Senator Daschle, attacking him for opposing the President's "tax cut plan."

[04005-0001/DA031330.020]

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · HONG KONG · LOS ANGELES
MENLO PARK · OLYMPIA · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP (Perkins Coie LLC in Illinois)



Mr. Lawrence Norton
Federal Election Commission
May 13, 2003
Page 2


The ad reads as follows:

| Audio | On-Screen Display |
|---|---|
| *Male Announcer:* "President Kennedy cut income taxes and the economy soared. | President Kennedy Cut Income Taxes and the Economy Soared |
| President Reagan cut taxes more and created 15 million new jobs. | President Reagan Cut Taxes More and Created 15 Million New Jobs |
| President Bush knows tax cuts create jobs, and that helps balance the budget. | President Bush Knows Tax Cuts Create Jobs, And That Helps Balance the Budget |
| But Senator Tom Daschle opposes the President. | But Senator Tom Daschle Opposes the President |
| South Dakota has lost thousands of jobs and President Bush has a plan to help. | South Dakota Unemployed Up 1,206 in 2 years  Tell Tom Daschle… |
| Tell Tom Daschle to support the Kennedy/Reagan/Bush tax policy that will bring jobs back to South Dakota." | Bring Jobs Back to South Dakota.  PAID FOR BY THE CLUB FOR GROWTH  www.clubforgrowth.org |

No one would quarrel with the Club if it paid for these ads with hard money raised and disclosed like any other political committee. It is the use of soft money from mega-millionaires and corporate benefactors that the court found properly prohibited by the new law. It is now the Federal Election Commission's job to bring a quick halt to these activities. Failure to act will only undermine the law's credibility and lead to rampant violations; leaving those who choose to honor the law at a distinct electoral disadvantage.

This is not the first time that this Club launched initiatives financed in disregard of the requirements of federal law. The Club for Growth was cited repeatedly in the recent decision as exhibit number one for why the law was a necessary measure to prevent

Mr. Lawrence Norton
Federal Election Commission
May 13, 2003
Page 3

soft money corruption of our political system. Hence Judge Leon wrote, in his
Finding number 303, "the Club for Growth is primarily dedicated to promoting the
election of pro-growth, pro-freedom candidates through political contributions and
issue advocacy campaigns."

Even before the new law, the Club was raising money explicitly for the purpose of
influencing elections and then spending the money consistent with that express intent.
As Judge Leon also noted, in his Finding number 296, the Club for Growth is "a
conservative Republican group [which] bluntly discusses its electioneering activities
on its website: they include direct contributions, bundled contributions and issue ads."
Yet Federal law requires any committee whose primary purpose is to influence a
federal election to register and report to FEC as soon as it raises more than $1000.
Given the admitted nature of Club, it is mystery why it has never filed as a political
committee with the FEC.

The advertising campaign now underway is being financed with money raised in
appeals similar to the one cited by Judge Kollar-Kottelly in which a Republican
Congressman signed a fundraising letter stating:

> The Club for Growth selected my race as one of its *top
> priorities.* . . . Since the Club targets the most
> competitive races in the country, your membership in
> the Club will help Republicans keep control of
> Congress.[1]

There is no doubt that raising money in response to such solicitations, once the
contributions total more than $1000, triggers the requirement that the entity register
and report to the Federal Election Committee. The reason the Club for Growth does
not register is clear. It would have to disgorge the quarter-million dollars in soft
money contributions that it is receiving from its stable of wealthy benefactors. It
would have to play by the same rules that all the candidates that it attacks must abide
by. It could no longer use its soft money to corrupt our elections.

---

[1] Finding number 274

Mr. Lawrence Norton
Federal Election Commission
May 13, 2003
Page 4

Very truly yours,

Robert F. Bauer

Marc E. Elias

COUNSEL FOR DSCC

RFB:mjs

District of Columbia
Subscribed and Sworn to **before me** in my presence
this __13__ day of __May__ , __2003__

Kristin L. Morgan, Notary Public, D.C.
My commission exnir~ ' '---- ~~, 2008

DESCRIPTION OF PRELIMINARY PROCEDURES
FOR PROCESSING COMPLAINTS FILED WITH THE
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, D.C. 20463
FAX (202) 219-3923

Complaints filed with the Federal Election Commission shall be referred to the Enforcement Division of the Office of the General Counsel, where they are assigned a MUR (Matter Under Review) number and forwarded to the Central Enforcement Docket ("CED") for processing. Within five days of receipt of the complaint, the Commission shall notify all respondents referenced in the complaint, in writing, that the complaint has been filed, and shall include with such notification a copy of the complaint. Simultaneously, the complainant shall be notified that the complaint has been received. The respondents shall then have 15 days to demonstrate, in writing, that no action should be taken against them in response to the complaint. If additional time is needed in which to respond to the complaint, the respondents may request an extension of time. The request must be in writing and demonstrate good cause as to why an extension should be granted. Please be advised that not all requests are granted.

After the response period has elapsed, cases are prioritized and maintained in CED, or in some instances referred to either the Alternative Dispute Resolution Office or the Administrative Fines program. Cases warranting the use of Commission resources are assigned as staff becomes available. Cases not warranting the use of Commission resources are dismissed.

If a case is assigned to a staff person, the Office of the General Counsel shall report to the Commission, making recommendations based upon a preliminary legal and factual analysis of the complaint and any submission made by the respondent. The report may recommend that the Commission: (a) find reason to believe that the complaint sets forth a possible violation of the Federal Election Campaign Act of 1971, as amended, (hereinafter "the Act"); or (b) find no reason to believe that the complaint sets forth a possible violation of the Act and, accordingly, close the file.

If, by an affirmative vote of four Commissioners, the Commission determines that there is reason to believe that a respondent has committed or is about to commit a violation of the Act, the Office of the General Counsel shall open an investigation into the matter. During the investigation, the Commission has the power to subpoena documents, to subpoena individuals to appear for deposition, and to order written answers to interrogatories. The Commission during this phase may contact a respondent more than once.

If during this period of investigation, a respondent indicates a desire to enter into conciliation, the Office of the General Counsel may recommend that the Commission enter into conciliation prior to a finding of probable cause to believe that a violation has been committed. Conciliation is an attempt to correct or prevent a violation of the Act by informal methods of conference and persuasion. Most often, the results obtained through the conciliation process are