# EXHIBIT 4

**Federal Election Commission v. The Club for Growth**

**Case No. 1:05cv01851 (RMU)**

Case 1:05-cv-01851-RMU    Document 7-6    Filed 11/23/2005    Page 1 of 3

FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

OCT 27 2004

**FIRST CLASS MAIL**

Carol A. Laham, Esq.
Wiley Rein & Fielding, LLP
1776 K Street, NW
Washington, DC 20006

          RE:    MUR 5365
                    Club for Growth, Inc.; and
                    Club for Growth, Inc. PAC

Dear Ms. Laham:

    On May 19, and June 3, 2003, the Federal Election Commission notified your clients of complaints alleging violations of certain sections of the Federal Election Campaign Act of 1971, as amended ("the Act"). Copies of the complaints were forwarded to your clients at that time.

    Upon further review of the allegations contained in the complaint, the Commission, on October 19, 2004, found that there is reason to believe that Club for Growth, Inc.; and Club for Growth, Inc. PAC violated 2 U.S.C. §§ 433, 434, 441a(f), 441b(a) and 11 CFR §§ 102.5, 104.10, 106.1 and 106.6, provisions of the Act. The Factual and Legal Analysis, which formed a basis for the Commission's finding, is attached for your information. Please note that respondents have an obligation to preserve all documents, records and materials relating to the Commission's investigation.

    You may submit any factual or legal materials that you believe are relevant to the Commission's consideration of this matter. Please submit such materials to the General Counsel's Office along with your responses to the enclosed subpoena and written questions within 30 days of receipt of this letter. Where appropriate, statements should be submitted under oath. In the absence of additional information, the Commission may find probable cause to believe that a violation has occurred and proceed with conciliation.

    If you are interested in pursuing pre-probable cause conciliation, you should so request in writing. See 11 C.F.R. § 111.18(d). Upon receipt of the request, the Office of the General Counsel will make recommendations to the Commission either proposing an

MUR 5365
Club for Growth, Inc.; and
Club for Growth, Inc. PAC
Page 2

agreement in settlement of the matter or recommending declining that pre-probable cause conciliation be pursued. The Office of the General Counsel may recommend that pre-probable cause conciliation not be entered into at this time so that it may complete its investigation of the matter. Further, the Commission will not entertain requests for pre-probable cause conciliation after briefs on probable cause have been mailed to the respondent.

Requests for extensions of time will not be routinely granted. Requests must be made in writing at least five days prior to the due date of the response and specific good cause must be demonstrated. In addition, the Office of the General Counsel ordinarily will not give extensions beyond 20 days.

This matter will remain confidential in accordance with 2 U.S.C. §§ 437g(a)(4)(B) and 437g(a)(12)(A), unless you notify the Commission in writing that you wish the investigation to be made public.

If you have any questions, please contact Julie McConnell, the attorney assigned to this matter, at (202) 694-1650.

Sincerely,

Bradley A. Smith
Chairman

Enclosures
  Subpoena to Produce Documents
  and Order to Submit Written Answers
  Factual and Legal Analysis