# EXHIBIT 5

**Federal Election Commission v. The Club for Growth**

**Case No. 1:05cv01851 (RMU)**



FEDERAL ELECTION COMMISSION
WASHINGTON, D.C. 20463

MAR 2 3 2005

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Carol A. Laham, Esq.
Wiley Rein & Fielding, LLP
1776 K Street, N.W.
Washington, D.C. 20006

                                      RE:    MUR 5365
                                                 Club for Growth, Inc.
                                                 Club for Growth, Inc. PAC and Pat
                                                 Toomey, in his official capacity as
                                                 Treasurer

Dear Ms. Laham:

      On May 19 and June 3, 2003, the Federal Election Commission notified Club for Growth, Inc. and Club for Growth, Inc. PAC, your clients, of a complaint alleging violations of certain sections of the Federal Election Campaign Act of 1971, as amended ("the Act"). A copy of the complaint was forwarded to your clients at that time.

      On October 27, 2004, your clients were notified that the Federal Election Commission had found reason to believe your clients violated 2 U.S.C. §§ 433, 434, 441a(f), and 441b, provisions of the Federal Election Campaign Act of 1971, as amended, and 11 C.F.R. §§ 102.5, 104.10, 106.1, and 106.6. The Factual and Legal Analysis, which formed a basis for the Commission's finding, was sent for your information at that time.

      During the course of the investigation, it became evident that, as the result of an oversight, the reason to believe findings did not include the Treasurer of Club for Growth, Inc. PAC in any capacity. To clarify the record, on March 16, 2005, the Commission included Pat Toomey, in his official capacity as Treasurer, in all reason to believe findings made against Club for Growth, Inc. PAC, consistent with the Commission's standard practice for treasurers of political committees. Because Mr. Toomey has been included in his official capacity only, the basis for these findings is the same as that set forth in the Commission's previous Factual and Legal Analysis.



received
4/4/05

Carol Laham, Esq.
MUR 5365
Page 2

    You may submit any additional factual or legal materials that you believe are relevant to the Commission's consideration of this matter. Please submit such materials to the General Counsel's Office within 15 days of receipt of this letter. Where appropriate, statements should be submitted under oath. In the absence of additional information, the Commission may find probable cause to believe that a violation has occurred and proceed with conciliation.

    If you have any questions, please contact Julie McConnell, the attorney assigned to this matter, at (202) 694-1650.

    Sincerely,

    Scott E. Thomas
    Chairman