# EXHIBIT 6

**Federal Election Commission v. The Club for Growth**

**Case No. 1:05cv01851 (RMU)**



Stamp and Return

Wiley Rein & Fielding LLP

2005 APR -8 P 4: 02

1776 K STREET NW
WASHINGTON, DC 20006
PHONE  202.719.7000
FAX       202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA 22102
PHONE  703.905.2800
FAX       703.905.2820

www.wrf.com

April 8, 2005

Carol A. Laham
202.719.7301
claham@wrf.com

**BY HAND DELIVERY**

Ms. Julie McConnell
Federal Election Commission
999 E Street, NW
Washington, DC 20463

Re:   MUR 5365 (Club for Growth)

Dear Ms. McConnell:

Enclosed please find our Motion To Dismiss Matter Under Review 5365.

We object to the Subpoena To Produce Documents Order To Submit Written Answers that was sent by letter dated March 22, 2005, as improper because the MUR is fatally defective as shown in the Motion. If the Motion is denied, our clients will then consider a response to the Subpoena.

Sincerely,

Carol A. Laham

cc:   Chairman Thomas
      Vice Chairman Toner
      Commissioner Mason
      Commissioner McDonald
      Commissioner Smith
      Commissioner Weintraub

Enclosure

BEFORE THE FEDERAL ELECTION COMMISSION

| | | |
|---|---|---|
| In the Matter of<br>Club for Growth, Inc.<br>Club for Growth, Inc. PAC and<br>Pat Toomey, in his official capacity as<br>Treasurer | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | MUR 5365 |

**MOTION TO DISMISS MATTER UNDER REVIEW 5365**

The Commission's March 23, 2005, letter notifies Pat Toomey that, on the basis of a complaint that does not even mention him or the group for which he is treasurer, and to which he was given no opportunity to respond, the Commission has found reason to believe that he is officially responsible for supposed violations by his PAC and has named him as a Respondent to the Complaint. This is but the latest in a series of fundamental errors that deprive the entire Matter Under Review of vitality. Accordingly, Mr. Toomey – joined by Respondents Club for Growth, Inc. ("Club") and Club for Growth, Inc. PAC ("PAC") – move to dismiss MUR 5365.

The only Reason To Believe ("RTB") finding the Commission has made in this matter states that the MUR "was generated by a complaint." (See attached.) The Federal Election Campaign Act ("FECA") commands that: "Within 5 days after receipt of a complaint, the Commission <u>shall</u> notify, in writing, any person alleged in the complaint to have committed such a violation." 2 U.S.C. § 437g(a)(1).

"Section 437g is as specific a mandate as one can imagine" and "the procedures it sets forth—procedures purposely designed to ensure fairness not only to complainants but also to respondents—must be followed." *Perot v. Federal Election Comm'n*, 97 F.3d 553, 559 (D.C. Cir. 1996). These procedural requirements "bind the FEC's deliberations about, and

1

investigation of, complaints." *Id.* at 558 (specifically citing the 5-day notice requirement and stating that the court "presume[s] this was done").

The following timeline demonstrates the Commission's failure to adhere to the mandatory provisions just discussed and to basic due process:

- <u>May 13, 2003.</u> The Commission receives the underlying Complaint. It names the Club, but not the PAC.

- <u>May 19, 2003.</u> The Commission mails notice of the Complaint, not to the Club, but to the PAC and its Treasurer. By the time the PAC receives the Complaint, the 5-day period for notifying the Club already has passed.

- <u>May 29, 2003.</u> Counsel provides telephone notice that the Complaint appears to have been mailed out in error.

- <u>June 3, 2003.</u> Acknowledging "administrative oversight" in a June 3 transmittal letter, the Commission sends a copy of the Complaint to the Club. This mailing was 21 days after the underlying Complaint was received by the Commission, long after the notice period mandated by FECA.

- <u>June 6, 2003.</u> The Club files a protective response to the Complaint. On the first page it notes that the Complaint had not been timely served and that "the Club does not waive this failure."

- <u>June 6, 2003.</u> Having been assured that the Complaint, which did not mention it, was sent to it by "administrative oversight," the PAC filed no response.

- <u>June 6, 2003 through November 1, 2004.</u> For nearly a year and a half the Commission takes no action.

- <u>November 1, 2004.</u> At the peak of the election period, the Commission notifies both the Club and the PAC that the Commission found reason to believe that both committed violations and serves a subpoena and order demanding extensive and burdensome discovery. The Commission's accompanying Factual and Legal Analysis states that the RTB finding is based on the Complaint, ignores the failure of the Complaint even to mention the PAC, and ignores the violation of the 5-day notice provision.[1]

---

[1] The Commission emphasizes that it is proceeding against Respondents pursuant to the improperly served Complaint and not by any other authority by stating on the first page of the Factual and Legal Analysis that the "matter was generated by a complaint."

2

- <u>December 21, 2004.</u> The Club and PAC file Initial Responses to the subpoena and order in which they object to the proceedings based on the Commission's violation of the 5-day notice period.

- <u>December 21, 2004 through March 23, 2005.</u> The Commission continues to ignore its failure to commence the MUR lawfully.

- <u>March 23, 2005.</u> Acknowledging yet another "oversight," the Commission mails notice that seven days earlier it voted that its earlier complaint-based RTB finding extends to Pat Toomey, in his official capacity as Treasurer of the PAC. Again, the Commission does not address either its failure to comply with the 5-day notice provision or the irrationality of relying on a Complaint that does not mention the PAC to find that the PAC's treasurer is a proper Respondent to the Complaint.

In sum, MUR 5365 has proceeded from the beginning in violation of mandatory statutory requirements and basic due process. Respondents have provided the Commission with repeated informal and formal notice of these errors, which the Commission has ignored and now is compounding. Due to the Commission's violations of FECA and due process, and the unauthorized burden thus imposed on core First Amendment activity, this MUR is unlawful. The injury to First Amendment rights is irreparable and will continue until this MUR is terminated. Accordingly, Mr. Toomey, the Club and PAC, move the Commission to dismiss MUR 5365.

*Carol A. Laham* (signature)

Carol A. Laham
WILEY REIN & FIELDING LLP
1776 K Street, NW
Washington, DC 20006
202.719.7301

April 8, 2004

3

# FEDERAL ELECTION COMMISSION

# FACTUAL AND LEGAL ANALYSIS

RESPONDENTS:  Club for Growth, Inc.                MUR: 5365
              Club for Growth, Inc. PAC

## I. INTRODUCTION

This matter was generated by a complaint filed with the Federal Election Commission by the Democratic Senatorial Campaign Committee ("DSCC"), alleging violations of the Federal Election Campaign Act of 1971, as amended ("the Act"), by Club for Growth, Inc.

## II. SUMMARY OF FACTS

### A. Organizational Structure of Club for Growth

There are three related entities that use the name Club for Growth: Club for Growth, Inc. ("CFG"); Club for Growth, Inc. PAC ("CFG PAC"), its separate segregated fund ("SSF"); and Club for Growth Advocacy, a 501(c)(4) organization.

**CLUB FOR GROWTH**

- **CLUB FOR GROWTH, INC.**
  Incorporated 527 Organization
  Express and "issue" advocacy & Candidate recommendations
  President - Stephen Moore
  - **CLUB FOR GROWTH, INC. PAC**
    SSF - Political Committee
    Bundles earmarked contributions
    Treasurer - Stephen Moore
- **CLUB FOR GROWTH ADVOCACY**
  501(c)(4) Organization
  Lobbying
  President - Stephen Moore

### 1. Club for Growth, Inc.

CFG is a Virginia corporation established in May 1999 and organized under Section 527 of the Internal Revenue Code. CFG represents itself as a political membership organization primarily dedicated to helping elect pro-growth, pro-freedom candidates through political contributions and so-called issue advocacy campaigns. *See* Club for Growth, *Federal Form*