# EXHIBIT 8

**Federal Election Commission v. The Club for Growth**

**Case No. 1:05cv01851 (RMU)**



**FEDERAL ELECTION COMMISSION**
WASHINGTON, D.C. 20463

APR 2 5 2005

**VIA HAND DELIVERY**

Carol Laham, Esq.
Wiley Rein & Fielding, LLP
1776 K Street, N.W.
Washington, D.C. 20006

       Re: MUR 5365
          Club for Growth, Inc.
          Club for Growth, Inc. PAC and Pat Toomey, in his
          official capacity as Treasurer

Dear Ms. Laham:

  Based on a complaint filed with the Federal Election Commission on May 13, 2003, the Commission, on October 19, 2004 and March 16, 2005, found that there was reason to believe that Club for Growth, Inc., Club for Growth, Inc. PAC and Pat Toomey, in his official capacity as Treasurer, your clients, violated various provisions of the Federal Election Campaign Act, as amended, ("the Act") and instituted an investigation of this matter.

  After considering all the evidence available to the Commission, the Office of the General Counsel is prepared to recommend that the Commission find probable cause to believe that Club for Growth, Inc. violated 2 U.S.C. §§ 433, 434, 441a(f) and 441b(a), and that Club for Growth, Inc. PAC and Pat Toomey, in his official capacity as treasurer, violated 2 U.S.C. §§ 441a(f) and 441b(a). In the alternative, the Office of the General Counsel is prepared to recommend that the Commission find probable cause to believe that Club for Growth, Inc., Club for Growth, Inc. PAC and Pat Toomey, in his official capacity as Treasurer, violated 2 U.S.C. §§ 441a(f), 441b and 11 C.F.R. §§ 102.5, 104.10, and 106.6, or violated 2 U.S.C. § 441b and 11 C.F.R. § 114.2(a).

  The Commission may or may not approve the General Counsel's recommendation. Submitted for your review is a brief stating the position of the General Counsel on the legal and factual issues of the case. Within 15 days of your receipt of this notice, you may file with the Secretary of the Commission a brief (ten copies if possible) stating your position on the issues and replying to the brief of the General Counsel. (Three copies of such brief should also be forwarded to the Office of the General Counsel, if possible.) The General Counsel's brief and

Carol Laham, Esq.
MUR 5365
Page 2

any brief that you may submit will be considered by the Commission before proceeding to a vote of whether there is probable cause to believe a violation has occurred.

A finding of probable cause to believe requires that the Office of the General Counsel attempt for a period of not less than 30, but not more than 90 days, to settle this matter through a conciliation agreement.

Should you have any questions, please contact Julie McConnell, the attorney assigned to this matter, at (202) 694-1582.

Sincerely,

Lawrence H. Norton
General Counsel

Enclosure
    Brief