**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Federal Election Commission, Plaintiff, | ) |
| | ) Case No. 1:05cv01851 (RMU) |
| v. | ) |
| | ) Next scheduled deadline: December 23, 2005, |
| The Club for Growth, Inc., Defendant. | ) opposition to motion to dismiss |

**CONSENT MOTION OF THE CLUB FOR GROWTH, INC. TO FILE EXHIBITS TO THE MOTION TO DISMISS UNDER SEAL AND TO SEAL ANY FUTURE FILINGS CONSTITUTING OR DISCLOSING THE CONTENTS OF PROPOSED CONCILIATION AGREEMENTS, WITH SUPPORTING POINTS AND AUTHORITIES**

Pursuant to local rule LCvR 5.1(j)(1), defendant Club for Growth, Inc. ("Club") hereby moves for permission to file the accompanying Exhibits to the Motion to Dismiss under seal and to seal any future filings constituting or disclosing the contents of the proposed conciliation agreements. Plaintiff Federal Election Commission ("Commission" or "FEC") consents to this motion. A proposed Order is attached.

The Club is moving to dismiss on the ground that the Commission failed to conduct a conciliation process that, by statute, must occur in confidence and is a precondition to suit. Several Exhibits supporting the Club's Motion (*e.g.*, proposed agreements) contain conciliation-related information that the confidentiality provision of the Federal Election Campaign Act, 2 U.S.C. § 437g(a)(12)(A), protects from public disclosure. Specifically, this provision states that "[a]ny notification or investigation made under this section shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made." Furthermore, 11 C.F.R. § 111.21(b) provides that, with the exception of finalized conciliation agreements, "no action by the Commission or by any person, and no information derived in connection with

conciliation efforts . . . , may be made public by the Commission except upon a written request by respondent and approval thereof by the Commission."

The D.C. Circuit has held that, where the Commission's resort to litigation may result in public disclosure of confidential information, filing under seal is appropriate. *In re: Sealed Case*, 237 F.3d 657, 668 (D.C. Cir. 2001) (subpoena enforcement action is no justification for disclosure of confidential material).

Because the accompanying Exhibits either constitute or disclose the contents of conciliation efforts between the parties, these documents may not be made public without the Club's written consent.

Additionally, future filings may also include or disclose such confidential information related to the conciliation efforts. Under both 2 U.S.C. § 437g(a)(12)(A) and 11 C.F.R. § 111.21, the Club's consent would be required before these documents may be made public. The Club does not consent and, in fact, objects to disclosure of conciliation materials. Absent the Club's written consent, the Court should seal any future filings constituting or disclosing the contents of the proposed conciliation agreements.

WHEREFORE, the Club requests that the Court grant this motion and direct the Clerk of Court to place the accompanying Exhibits and all future filings constituting or disclosing the contents of the proposed conciliation agreements under seal.

                    Respectfully submitted,

                              /s/
                    _____
                    Carol A. Laham (D.C. Bar # 415171)
                    Thomas W. Kirby (D.C. Bar # 915231)
                    Caleb P. Burns (D.C. Bar # 474923)
                    WILEY REIN & FIELDING LLP
                    1776 K Street, NW
                    Washington, DC 20006
                    (202) 719-7000
                    (202) 719-7049 (FAX)

                    FOR THE DEFENDANT
                    CLUB FOR GROWTH, INC.

Date: November 23, 2005