# FEC Exhibit H

**Federal Election Commission v. Club For Growth, Inc.**
**Case No. 1:05cv01851 (RMU)**

**E-FILED**
Tuesday, 08 February, 2005 11:19:32 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Federal Election Commission,<br>　　　　　Plaintiff<br><br>Friends of Lane Evans; Samuel Gilman;<br>17th District Victory Fund; Christopher<br>Hance; Rock Island Democratic Central<br>Committee; and John Gianulis,<br>　　　　　Defendants | Case No. 04=4003 |

**ORDER**

Now before the Court is the Defendants' Motion to Compel (#24), and the Plaintiff's Motion for Protective Order (#23). Both motions are fully briefed, and a hearing was held on February 3, 2005, at which time these motions were taken under advisement. I have carefully considered both the written and the oral arguments made by the parties. For the following reasons, the motion to compel is denied, and the motion for protective order is allowed.

The FEC filed suit against Friends of Lane Evans, 17th District Victory Fund, the Rock Island Democratic Central Committee, and the treasurers of those three entities in their official capacities. In the complaint, the FEC alleges that the Victory Fund and the Rock Island Democratic Central Committee were created for the purpose of raising funds in excess of federal campaign limits for Evans' re-election campaign (Friends of Lane Evans), in violation of the Federal Election Campaign Act. Additional violations of the Act are also alleged, such as failure to register or providing inaccurate information in registration.

In the defendants' answer, they deny the material factual allegations and raise a number of affirmative defenses. Two of the defenses play a part in these motions: that the FEC's interpretation of the Act is arbitrary and capricious and that its enforcement of the Act in this suit is arbitrary and capricious. Both of these defenses are based on defendants' theory that this prosecution constitutes selective enforcement of the Act. Defendants written discovery (the subject

of their Motion to Compel), and the Notice of Deposition (the subject of the FEC's Motion for Protective Order) reflect the defendants effort to obtain discovery relevant to those defenses.

**DEFENDANTS' MOTION TO COMPEL DISCOVERY REQUESTS #24**

In this motion, defendants ask that the FEC be compelled to provide answers to interrogatories and requests for admission, as well as responding to document requests served on December 3. This discovery is relevant only to the defenses that are dependent on the defendants' theory that this is a case of selective enforcement.

There are two types of cases dealing with "selective enforcement." One line of cases involves a plaintiff asserting an equal protection claim of selective enforcement against a defendant. In such cases, selective enforcement is the heart of the plaintiff's claim. That line of cases is not helpful here.

Relevant to the instant case is the line of cases in which a defendant raises selective enforcement as a "defense." In the latter situation, a defendant in essence says, "I didn't do what the plaintiff says I did, but even if I did, it isn't fair that I get prosecuted and others who broke the same law don't." That reasoning is similar to that of a driver pulled over for speeding: why didn't you stop all the other cars that were going over the limit? It may be true that other cars were speeding, but that does nothing to prove that the officer issuing the ticket had an improper motivation.

Here, the heart of the claim is the Commission's allegation that the defendants violated the Act. Proof of selective enforcement will not negate the Commission's allegations - in other words, it will not serve as a defense to the charges - and so is peripheral to the issues raised in this litigation.

Precisely because this issue *when raised as a defense* is peripheral, the Supreme Court has articulated a very demanding standard for proceeding on such a defense. In U.S. v. Armstrong, 517 U.S. 456 (1996), the Supreme Court considered a criminal defendant's request for discovery in

support of his claim of selective prosecution. The Supreme Court noted that selective enforcement is not a "defense" to the merits of a charge but rather is an "independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." Id. at 464. The Court began by recognizing that a presumption of regularity attaches to a prosecutor's decision to prosecute. This presumption applies equally to the administrative promulgation of rules, National Nutritional Foods Ass'n v. FDA, 491 F.2d 1141, 1145 (2d Cir. 1974).

This presumption of regularity must be overcome by a defendant *before* the defendant is permitted to obtain discovery on the question of selective enforcement. In order to overcome the presumption, the defendant must meet a "rigorous standard" for the elements of a claim of selective enforcement. Armstrong, 517 U.S. at 468. See also, National Nutritional Foods, 491 F.2d at 1145-46 (preliminary showing of bad faith or improper motive required before a litigant may depose an FDA commissioner). Absent definitive evidence of prohibited motive, discovery that focuses on the state of mind and/or the discretion of the prosecutor (or, as here, the agency charged with enforcement of the Act), is not permitted.

See also, Des Plaines v. Metropolitan Sanitary Dist. of Chicago, 552 F.2d 736, 739 (7th Cir. 1977)("exploration of the "mental processes of administrative decision-makers is usually to be avoided"); Grant v. Shalala, 989 F.2d 1332, 1344 (3d Cir. 1993)(attempts to "probe the thought and decision making processes of judges and administrators are generally improper"); FEC v. Legi-Tech., 75 F.3d 704, 709 (D.C.Cir. 1996)(Commission's decision to bring suit under the Act, 2 U.S.C. 437g(a)(6), is not subject to judicial review.); In re Sealed Case, 131 F.3d 208, 214 (D.C.Cir. 1997); AT&T Co. v. EEOC, 270 F.3d 973, 975 (D.C.Cir. 2001)(after an administrative agency files suit, the decision to file suit is not a final decision or final agency action under the APA, and defendant must simply defend itself against the suit); U.S. v. Sage Pharmaceuticals,Inc., 210 F.3d 475, 480 (5th Cir. 2000)("a claim that the FDA's action is arbitrary and capricious is not a defense to an enforcement proceeding").

In addition to that bar of defendant's attempted discovery, the Seventh Circuit has held that pre-decisional and deliberative information is privileged. United States v. Farley, 11 F.3d 1385, 1389 (7th Cir. 1993). As the Farley court noted:" [I]f communications such as these were exposed the candor of government staff would be tempered with a concern for appearances...to the detriment of the decision making process." Id. quoting U.S. v. Nixon, 418 U.S. 683, 705 (1974). This privilege may be overcome only where there has been a "sufficient showing of a particularized need" that outweighs the reasons for confidentiality. Farley, 11 F.3d at 1389. Because the issue of selective enforcement raised as a defense is peripheral to the issues in any given case, it is unlikely that such a showing could be made, at least prior to the showing required to obtain discovery. Suffice it to say that no such showing has been made here.

I find that the defendants have not met the "rigorous standard" necessary to obtain the discovery they are seeking. In fact, the defendants have provided nothing other than theory. Having failed to meet the requisite rigorous showing, they are not entitled to Rule 26 discovery from the Commission on this peripheral matter. Alternatively, the information being sought is generally privileged. For both reasons, the propounded discovery is improper and the defendants' motion to compel is denied.

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER #23**

The FEC asks for a protective order quashing the Notice of Deposition[1] of an FEC representative regarding specified topics shown on an attachment to the Notice. The first topic identifies ten specific Matters Under Review (MURs) as well as other MURs falling within two categories: those "involving DNC and Clinton Gore 96" and those "alleging excessive in-kind party committee expenditures to benefit federal candidates." In addition, the Notice of Deposition states as a topic "the circumstances surrounding the FEC's issuance of the Leadership PAC Regulations, Final Rules and transmittal of regulations to Congress.

This deposition would relate solely to the selective enforcement defenses. Because I have concluded that the defendants are not entitled to discovery at this time on the peripheral defenses of selective enforcement, I conclude that the protective order sought by the Commission should be granted. For the same reasons as stated above, the decision making process leading up to this lawsuit is not at issue, nor are cases involving other FEC investigations or charges, at least not until defendants make the showing required to conduct discovery about selective enforcement.

Accordingly, the plaintiff's motion for protective order is allowed. The Notice of Rule 30(b)(6) Deposition of the Federal Election Commission is quashed and shall not re-issue pending further order of this Court.

ENTER this 8th day of February 2005.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties agreed to postpone this deposition, which was originally noticed for February 12, until they could fully brief these two motions and the court had the opportunity to rule.