UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) ) ) | Civ. No. 1:05cv01851 |
| Plaintiff, | ) ) | Judge Urbina |
| v. | ) ) |  |
| CLUB FOR GROWTH, INC., | ) ) | LCvR 16.3(d) Joint Report |
| Defendant. | ) ) |  |

**JOINT REPORT OF THE PARTIES PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR16.3 and Fed. R. Civ. P. 26(f), Plaintiff Federal Election Commission ("FEC") and Defendant Club for Growth, Inc. ("Club") conferred on April 4, 2006, and hereby jointly file this report, which identifies those portions of LCvR 16.3(c) over which the parties were able to reach agreement, and states the separate positions of the parties where agreement could not be reached. David Kolker, Kai Richter, and Erin Monaghan represented the FEC at the conference. The Club was represented by Thomas Kirby and Carol Laham.

This is an enforcement action under the Federal Election Campaign Act, 2 U.S.C. 431 et. seq., filed by the FEC on September 19, 2005. The Club moved to dismiss the action for lack of jurisdiction on November 23, 2005. That motion is pending. No answer or counterclaims have been filed.

With respect to the matters outlined in LCvR16.3, the parties report as follows:

(1)     The parties disagree about whether the case is likely to be resolved by the Club's pending motion to dismiss, and disagree about whether discovery should proceed while the motion remains pending.

  a. <u>FEC's Position</u>

The FEC believes that the Club's motion to dismiss should be denied, and that discovery should not be stayed while the motion is pending because (i) it is unclear whether the Club is taking necessary measures to preserve relevant documents generated on an ongoing basis, <u>see</u> <u>infra</u> at ¶ 14; and (ii) a stay would unnecessarily delay resolution of the case.  In support of its position, the FEC notes that Rule 26(d) provides for commencement of discovery upon completion of the conference required by Rule 26(f), and that "bare assertions that discovery ... should be stayed pending dispositive motions … are insufficient to justify the entry of an order staying discovery generally."  <u>People with AIDS Health Group v. Burroughs Welcome Co.</u>, 1991 WL 221179, *1 (D.D.C. Oct. 11, 1991) (quoting <u>Continental Illinois Bank & Trust Co. v. Caton</u>, 130 F.R.D. 145, 148 (D.Kan. 1990)).  <u>See also</u>, <u>e.g.</u>, <u>Gray v. First Winthrop Corp.</u>, 133 F.R.D. 39, 40 (N.D.Cal. 1990); <u>Miles v. New York Health & Racquet Club Foundation, Inc.</u>, 1985 WL 2348, *3 n.3 (S.D.N.Y. Aug. 30, 1985); <u>NAACP v. Hodgson</u>, 57 F.R.D. 81, 83 (D.D.C. 1972); <u>Indian Lake Estates, Inc. v. Lichtman</u>, 27 F.R.D. 417, 418-19 (D.D.C. 1961).

  b. <u>Club's Position</u>

The Club believes that its motion to dismiss should be granted.  The FEC made no effort to initiate a preliminary conference until late March, a full 4 months after the Motion to Dismiss was filed.  Under these circumstances, the FEC cannot plausibly contend that commencing discovery is urgent.  That is doubly true since, during the administrative process, the FEC already obtained substantial discovery.  The FEC here seeks to inquire into core First Amendment activities.  The Club has raised substantial reasons to doubt that this judicial proceeding is legally authorized.  The law is clear that such doubts should be resolved before core First Amendment matters are subjected to discovery.  <u>FEC v. Machinists Non-Partisan</u>

Political League, 655 F.2d 380, 388 & n. 17 (D.C. Cir 1981); Reader's Digest Ass'n v. FEC, 509 F. Supp. 1210 (S.D.N.Y. 1981). In the event that the Club's motion is denied, the Club proposes that discovery begin within 14 days of the Court's order denying its motion, subject to further developments and orders.

(2)     The parties agree that the deadline for adding parties or amending the pleadings shall be 180 days from the commencement of discovery. At this time, the parties are unable to narrow or agree upon the factual or legal issues in this case.

(3)     The parties agree that this case should not be assigned to a magistrate judge for the purpose of trial or for any other purpose.

(4)     The parties are unable to settle this case at this time.

(5)     The parties agree that this case would not benefit from any form of the Court's alternative dispute resolution procedures.

(6)     The parties anticipate cross motions for summary judgment, once discovery is complete. Earlier non-dispositive motions are possible. The parties agree to file their cross motions for summary judgment 45 days after the close of discovery, with responses due 45 days later, and replies due 30 days later.

(7)     The parties disagree about the timing and scope of initial disclosures.

    a.     FEC's Position

The FEC believes that the parties should mutually exchange their initial disclosures within 14 days of their conference, as provided by Fed. R. Civ. P. 26(a)(1). However, because the Club's objection to such disclosures makes a mutual exchange impossible at this time, the FEC proposes that initial disclosures proceed, on a mutual basis, as soon as directed by the Court (see FEC's Response to Club's Position, infra).

      b.      Club's Position

The Club believes that, because the FEC already obtained extensive discovery during the administrative process and because discovery should not be required concerning core First Amendment activity where the threshold propriety of the action is in doubt, its initial disclosures should be stayed (in addition to other discovery, see supra at ¶ 1), pending resolution of the Club's motion to dismiss.  However, the Club sees no reason why the FEC's initial disclosures need be deferred, since the FEC denies that this case suffers any threshold defect, the FEC has not been subject to prior discovery, and discovery will not burden the FEC's constitutional rights.

      c.      FEC's Response to Club's Position

In response, the FEC disagrees that it already has received "extensive" discovery from the Club, see FEC's Opp. to Club's Motion to Dismiss at 5, and believes that the Club's proposal for unilateral initial disclosures by the FEC is fundamentally unfair.  Accordingly, neither party plans to make such disclosures absent guidance from the Court.  See Fed. R. Civ. P. 26(a)(1) (disclosures must be made within 14 days of the conference unless "a party objects during the conference" or unless the parties stipulate to postpone such disclosures).

(8)      The parties agree that this is a significant matter, and accordingly agree that a discovery period of 8 to 9 months is appropriate. (The FEC proposes 8 months; the Club proposes 9 months).

      a.      FEC's Position

The FEC believes that it may be necessary for it to take up to 20 depositions (in addition to deposing any experts or rebuttal experts identified by the Club), and that it may be necessary for it to serve up to 50 interrogatories.

4

   b.  <u>Club's Position</u>

 The Club believes that, at this very early stage, with no answer or counterclaims to frame the issues, it is extremely difficult to predict what amount and means of discovery will be reasonable. Accordingly, the Club believes that the scope of discovery should be determined when more information is available.

 In the event that a party believes that a protective order is necessary, the parties agree that such party will draft a proposed order for the other party to review, and that both parties will meet and confer about such proposed order before it is submitted to the Court.

 (9) The parties agree that the exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified as follows: (i) experts shall be identified 75 days prior to the close of discovery; (ii) rebuttal experts shall be identified 45 days prior to the close of discovery; (iii) expert reports shall be due 45 days prior to the close of discovery; and (iv) rebuttal expert reports shall be due 15 days prior to the close of discovery. The parties may take depositions of each others' experts and rebuttal experts at any time during the discovery period, once the report of the expert has been provided to the other side.

 (10) Not applicable, since this case is not a class action.

 (11) The parties do not believe that the trial or discovery should be bifurcated at this time. The Club believes that no final judgment can be made at this early stage.

 (12 - 13) Because this case might be resolved on cross motions for summary judgment, <u>see</u> <u>supra</u> at ¶ 6, the parties believe that it would be premature at this time to schedule dates for either pre-trial conference reports or a trial.

 (14) In addition to the foregoing topics, the parties conferred about the preservation of evidence relevant to the case (or likely to lead to relevant evidence).

a. <u>FEC's Position</u>

Counsel for the FEC requested that all such evidence be preserved, including electronic documents such as emails, website materials, and voicemail messages. Based on the Club's sworn statements during the administrative enforcement process, the FEC is concerned that the Club may not have taken adequate measures to preserve such evidence. <u>See</u> Initial Responses of the Club and Club for Growth, Inc. PAC to FEC's Administrative Subpoena at 12 ("Respondents are small organizations whose personnel operate with little or no secretarial and clerical support, <u>looking forward rather than back</u>. Aside from basic corporate documents, financial and accounting records and the like, <u>there is no formal policy for preserving or destroying documents. However, the general expectation is that each employee will discard unnecessary materials promptly</u>.") (emphasis added). Moreover, the Club's current proposal (outlined below) for preserving evidence is inadequate. The Club still does not agree to preserve <u>all</u> relevant evidence generated on an ongoing basis, and conspicuously fails to agree to preserve, <u>inter alia</u>, (i) paper communications with anyone other than federal candidates or their campaigns (i.e., political parties, political committees, political organizations, the Club's consultants or vendors, or the Club's donors); (ii) internal paper communications or notes relevant to the issues in the case; (iii) records of responses to specific Club solicitations; (iv) records of <u>all</u> Club meetings (including executive and staff meetings) and related meeting notes; or (v) materials posted on the Club's website (some of which are only accessible to the Club's "members.").

b. <u>Club's Position</u>

In response to FEC concerns first expressed at the April 4 meeting, the Club has informed the FEC that it is preserving materials that had been identified as responsive to FEC concerns

6

during administrative discovery. And to further allay the FEC's concerns, the Club will proffer the following:

The Club will preserve possibly relevant items that were part of the Club's records as of the date the Complaint was filed. Henceforth, the Club will follow its normal procedures with the addition that the Club will endeavor to preserve, during the pendency of this action or until discovery closes, the following records received on paper or by the Club's computers:

a. Email except communications that are SPAM, purely personal in nature, or with legal counsel.

b. Paper communications with federal candidates or their campaigns.

c. Solicitations for contribution or membership, electronic, paper, or media, directed by the Club to the public or to its membership.

d. The Club's financial records, including receipts, invoices, and expenditures.

e. Copies or final scripts of advertisements, phone bank messages, polls, or direct mailings paid for by the Club.

f. Notices and minutes of the Club's board, Leadership Council (formerly Founders' Committee), or membership.

g. The Club's corporate record book, i.e. articles, by-laws, board minutes, and resolutions.

     These materials, supplemented by the many depositions the FEC says it will take, will give a fair view of the Club's ongoing activities. The Club is a small entity with a very small staff, primarily of professionals, who devote their days to using their limited resources on core First Amendment activities. Requiring them, instead, to spend most of their days preserving every record of every act would be an unreasonable burden.

Respectfully submitted,

| FOR THE DEFENDANT: | FOR THE PLAINTIFF: |
|---|---|
| /s/ | /s/ |
| Carol A. Laham, D.C. Bar # 415171 | Lawrence H. Norton |
| Thomas W. Kirby, D.C. Bar # 915231 | General Counsel |
| WILEY REIN & FIELDING LLP | |
| 1776 K Street, N.W. | /s/ |
| Washington, D.C. 20006 | Richard B. Bader |
| (202) 719-7000 | Associate General Counsel |
| | (D.C. Bar # 911073) |
| | |
| | /s/ |
| | David Kolker |
| | Assistant General Counsel |
| | (D.C. Bar # 394558) |
| | |
| | /s/ |
| | Erin K. Monaghan |
| | Attorney |
| | (D.C. Bar # 438434) |
| | |
| | /s/ |
| | Kai Richter |
| | Attorney |
| | |
| | FEDERAL ELECTION COMMISSION |
| | 999 E Street, N.W. |
| | Washington, D.C. 20463 |
| | (202) 694-1650 |

Dated:  April 18, 2006