UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Federal Election Commission, Plaintiff,   )
                                          )
v.                                        )   Case No. 1:05cv01851 (RMU)
                                          )
The Club for Growth, Inc., Defendant.     )

ANSWER, DEFENSES, AND COUNTERCLAIMS
OF DEFENDANT CLUB FOR GROWTH, INC.

Introduction to Answer:  The purpose of the Club for Growth, Inc. ("Club") is to promote pro-growth policies.  It employs various means to that end, but advancing pro-growth policies remains the Club's pole star.  Like many other advocacy and policy groups, the Club operates under section 527 of the Internal Revenue Code making the disclosures that Congress mandated in 2000 for such groups.  It also operates at the core of the First Amendment.  Over the years the Federal Election Commission ("FEC") has intimated there are circumstances in which "527s" may be classified as "political committees," incurring burdensome and intrusive obligations under the Federal Election Campaign Act of 1971, as amended ("FECA"), 2 U.S.C. § 431 et seq.  However, the FEC has refused to provide concrete guidance and, indeed, recently abandoned a rulemaking on the subject, declaring it would work out the meaning of the law on a case-by-case basis.  *See* Political Committee Status, 69 Fed. Reg. 68056, 68065 (Nov. 23, 2004).  This approach, however, was subsequently challenged in a lawsuit.[1]  Faced with intense pressure from pro-regulatory forces to "do something about 527s," the three Republican and three Democrat Commissioners, not surprisingly, decided to make an example of a

---

[1]   The court in that case recently concluded "that the FEC has failed to present a reasoned explanation for its decision that 527 organizations will be more effectively regulated through case-by-case adjudication rather than general rule."  *Shays v. FEC*, 424 F. Supp. 2d 100, 117 (D.D.C. 2006).

group that is in favor with neither major political party, the Club. In their eagerness to be seen publicly suing some 527, the FEC refused to conciliate on one theory of violation, refused to conciliate meaningfully on the other, and hastened to sue in what the Court already has found to have been a "clear" and knowing violation of the law. *See* Memorandum Opinion Denying Defendant's Motion To Dismiss at 10 (June 5, 2006). The Club, which has operated in a highly visible fashion for years and always has tried to obey the law, denies any violation. It further denies the legality of the procedures used against it by the FEC and the constitutionality of the FECA standards it is alleged to have violated.

With that background, the Club now Answers the numbered paragraphs of the Complaint as follows:

1. Admitted that the Club never has registered as a political committee or made the reports required of such a committee. Averred that the Club is a membership organization but is not and has not been a political committee, that it has not and does not engage in express advocacy, and that it had and has no FECA reporting obligations. Otherwise, denied. See Introduction.

2. No answer required to legal conclusions.

3. Denied, in that the Club respectfully preserves the objections to jurisdiction stated in its November 23, 2005, Motion To Dismiss.

4. Venue is not contested.

5. No answer required to legal conclusions.

6. Admitted except that the last sentence is vague and therefore is denied.

7. Denied that the "administrative complaint" complied with the law, properly gave notice of a valid charge, was timely served, or was a valid basis for initiating this matter. Otherwise admitted.

8. Admitted that the Commission purported to act as described. Otherwise denied.

9. Admitted that the Club received notice and a brief from the General Counsel on April 25, 2005, to which the Club responded on May 31, 2005. Otherwise denied.

10. Admitted that the Commission purported to make the findings stated. Otherwise denied.

11. Averred that, in violation of clear law known to the Commission, the Commission purported to authorize its staff to bring suit against the Club without further Commission review or action. Otherwise denied.

12. Denied. Among other things, the Commission failed to serve the administrative complaint in the time allowed, failed to conciliate or to conciliate in good faith, and failed to conduct such conciliation before authorizing suit.

13. – 19. No answer required to legal conclusions.

20. – 24. Admitted that the Club was incorporated in 1999 and that Mr. Moore is a former Club president. Averred that its ultimate and major purpose is to advance pro-growth policies. Denied that the quoted statements are complete or in context. Denied that the language of section 527 may be equated to language of the FECA. Otherwise denied. See Introduction.

25. Denied. No such limits apply.

26. Admitted that, on occasion, the Club accurately stated that contributions to it were not subject to FECA limits. Denied that the quoted statements are complete or in context. Otherwise denied.

27. Admitted that, as the law permits, the Club used to accept corporate donations. Otherwise denied.

28. Denied to the extent understood.

29. Denied that the quoted statements are complete or in context. See Introduction.

30. Denied that the quoted statements are complete or in context. See Introduction.

31. Admitted that the Club has received more than $1,000 in response to solicitations that mentioned candidates for federal office. Otherwise denied. See Introduction.

32. Denied to the extent understood.

33. Admitted that the Club evaluated some federal candidates with respect to their views on pro-growth policies. Otherwise denied.

34. Admitted that the Club has commissioned polls. Otherwise denied.

35. – 40. Admitted that the Club spent money on its activities. Denied that the Club engages in any express advocacy or ever became a political committee. Denied that the quoted statements are complete or in context. See Introduction.

41. – 56. Denied

**DEFENSES**

The Club asserts the following defenses, each of which incorporates by reference all other portions of this pleading:

57. The Club respectfully preserves all defenses presented in its November 23, 2005, Motion To Dismiss, including improper service of the "administrative complaint," failure to conciliate before authorizing suit, and failure to lawfully authorize this suit.

58. This action is improper because the underlying administrative proceeding was not lawfully commenced.

    a. The "administrative complaint" was a generalized recounting of hearsay that did not comply with applicable requirements, that failed to give fair notice of its charges, that the FEC was required to dismiss, and that was not a valid basis for commencing this action. *See* 11 C.F.R. § 111.4. The FEC based its reason to believe findings on facts not included in the complaint and as to which the Club was given no notice or opportunity to respond. *See* 11 C.F.R. § 111.6.

    b. The FEC failed to give proper and timely notice of the Complaint to the Club. *See* 2 U.S.C. § 437g(a)(1).

59. This action is barred, in whole or part, because the FEC failed to attempt to resolve informally each alternative ground for finding probable cause before filing suit. *See* 2 U.S.C. § 437g(a)(4)(A)(i), (6)(A).

60. This action is barred because the FEC staff failed to present the Club's substantial April 8, 2005, motion to dismiss to the Commissioners for a vote.

61. The asserted claims are barred, in whole or in part, by the statute of limitations. 28 U.S.C. § 2462.

62. The Complaint fails to state a claim on which relief may be granted.

63. The activity engaged in by the Club is protected by the First Amendment and not regulated by the FECA.

64. The claims asserted in the Complaint are barred by the First Amendment in that:

    a. They are unduly vague and overbroad.

    b. They unduly burden core free speech and association.

65. The FEC's unreasonable decision to refuse to clarify the vague "political committee" restrictions by rulemaking, but to establish new policies via retroactive case-by-case adjudication violate the Administrative Procedure Act and the First and Fifth Amendments. Such new policies cannot be applied to the Club.

66. The First Amendment forbids a Commission that consists of three Republican and three Democratic Commissioners, and that may act only by a majority vote of four, to "clarify" vague and overbroad restrictions on speech and association by unfairly making an example of the Club.

67. The Club was but one of many 527s whose activities were equally subject to the claims now made against it. The FEC tolerated, permitted, and condoned such activities for a substantial period. For the Club to have refrained from the use of such common and unchallenged practices would have distorted public discourse and impaired the Club's fundamental right to speak freely and on equal terms with others. The FEC's arbitrary decision to proceed against the Club, seeking Draconian penalties for common behavior, violates the First Amendment as well as the equal protection component of the Fifth Amendment.

68. The First and Fifth Amendments preclude the imposition of substantial penalties under the circumstances of this case.

## COUNTERCLAIM

69. With respect to 527s such as the Club that are not affiliated with any candidate or party, FECA's concept of "political committee" is unconstitutionally vague and overbroad, and cannot constitutionally be enforced against such 527s until and unless it first has been clarified.

WHEREFORE, the Complaint should be dismissed with prejudice, the FEC's requested relief should be denied, the FEC's attempt to enforce the "political committee" concept against the Club and similar 527s should be declared unconstitutional and enjoined, and the Club should be awarded its costs, attorney fees, and other appropriate relief.

Date: June 22, 2006                                    Respectfully submitted,

/s/
_____
Carol A. Laham (D.C. Bar # 415171)
Thomas W. Kirby (D.C. Bar # 915231)
Caleb P. Burns (D.C. Bar # 474923)
WILEY REIN & FIELDING LLP
1776 K Street, NW
Washington, DC 20006
(202) 719-7000
(202) 719-7049 (FAX)