UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:05cv01851 (RMU) |
| v. | ) | |
| | ) | REPLY TO DEFENDANT CLUB |
| CLUB FOR GROWTH, INC., | ) | FOR GROWTH, INC.'S |
| | ) | SUPPLEMENTAL MEMORANDUM |
| Defendant. | ) | |

**PLAINTIFF FEC'S REPLY TO DEFENDANT CLUB FOR GROWTH, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR CERTIFICATION FOR APPEAL AND FOR A STAY**

As the Commission has explained, almost all defendants wish to avoid discovery, so if that were a basis for allowing interlocutory review, it would swallow the final judgment rule. See FEC's Opposition to the Club for Growth's Motion to Certify the June 5, 2006, Order for Appeal and for a Stay, at 13. Any disputes that may arise regarding particular discovery requests in this lawsuit should be addressed at the appropriate time as provided by the Federal Rules, Local Civil Rules and this Court's Standing Order for Civil Cases, and not used as an excuse to delay this litigation through the extraordinary measure of certification of an interlocutory appeal under 28 U.S.C. 1292(b).

The FEC's first set of discovery requests was only served on August 30, so the Club has not yet even served any formal objections. It should be clear, however, without detailed analysis, that the Club's broad-brush claims that all discovery in this matter would seriously burden the Club are exaggerated. For example, the Commission's requests for the Club's articles

of incorporation (Request No. 15) and for certain filings made with the Internal Revenue Service (Request Nos. 23 and 24) are specific and limited.

While some of the requests are broader, the information sought goes to the very heart of this year-old lawsuit. As the Commission's complaint outlines, the Club has violated numerous provisions of the Federal Election Campaign Act ("Act") through activities that began in 1999, involving millions of dollars and multiple federal candidates and election cycles. Determination of whether, and when, the Club became a "political committee" under the Act requires, among other critical elements, evidence about whether the Club's "major purpose" was and is to influence federal elections. An overview of the Club's activities and finances is unavoidable in determining which activities amount to a "major purpose" in comparison with any other purposes the Club may have had. Like most defendants in actions to enforce the Act, the Club engages in political speech, but that fact neither immunizes it from discovery of information relevant to determining whether it violated the law nor makes the Club's request for an interlocutory appeal consistent with the requirements of 28 U.S.C. 1292(b). Otherwise, virtually all enforcement actions brought under the Act would be subject to disruptive and delaying interlocutory appeals. The Commission's service of its first set of discovery requests is, therefore, irrelevant to the issue currently pending before the Court, and for the reasons we have previously explained, the Club's motion should be denied.

        Respectfully submitted,

        _____/s/_____
        Lawrence H. Norton
        General Counsel

|  | /s/ |
|---|---|

Richard B. Bader
Associate General Counsel
(D.C. Bar # 911073)

|  | /s/ |
|---|---|

David Kolker
Assistant General Counsel
(D.C. Bar #394558)

|  | /s/ |
|---|---|

Erin K. Monaghan
Attorney
(D.C. Bar #438434)

|  | /s/ |
|---|---|

Kevin Deeley
Attorney

|  | /s/ |
|---|---|

Steve N. Hajjar
Attorney

FOR THE DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, D.C.  20463
(202) 694-1650
Date:  September 19, 2006                   (202) 219-0260 (FAX)