UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| FEDERAL ELECTION COMMISSION, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1851 (RMU) |
| | : | | |
| v. | : | Document No.: | 23 |
| | : | | |
| CLUB FOR GROWTH, INC., | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### Denying the Defendant's Motion for An Interlocutory Appeal Certification

### I.   INTRODUCTION

The Federal Election Commission ("FEC" or "Commission"), brings suit against Club for Growth, Inc. ("Club for Growth"), alleging that the defendant failed to register as a political organization despite spending millions of dollars supporting the Republican National platform during the 2000, 2002, and 2004 elections cycles. The FEC claims that these actions violated the Federal Election Campaign Act ("FECA"), 2 U.S.C. §§ 431-55.

On June 5, 2006, this court denied the defendant's motion to dismiss. Now, the defendant moves the court to certify its June 5, 2006 decision for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Because the defendant fails to demonstrate a substantial ground for difference of opinion concerning this court's prior ruling, the court denies the defendant's motion.

## II.  BACKGROUND

This civil action has its roots in an administrative action with the FEC. On May 13, 2003, according to the plaintiff, the Democratic Senatorial Campaign Committee ("DSCC") filed an administrative complaint alleging that the defendant failed to register as a political committee and publicly report its activities. Compl. ¶ 7. The DSCC alleged that Club for Growth's actions (or lack thereof) violated FECA. *Id.* Four days following receipt of DSCC's complaint, on May 29, 2003, the FEC sent notice of the complaint to Club for Growth, Inc., PAC ("PAC"), the political action committee affiliated with Club for Growth, Inc. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 4. On June 3, 2003, the FEC sent notice of the DSCC's complaint directly to Club for Growth. *Id.* Club for Growth, acting through its attorney, responded to DSCC's allegations on June 6, 2003.

On October 19, 2004, the Commission adopted a factual and legal analysis originally prepared by the Commission's General Counsel on May 13, 2004. *Id.* The Commission provided the defendant with a copy of its findings, a notice of opportunity for conciliation, and a subpoena for documents on October 27, 2004. *Id.* at 4-5. Over the next several months, the parties exchanged numerous items of correspondence in an attempt to conciliate their dispute. *Id.* at 5-8.

Critical to the defendant's motion to dismiss was an undated letter received by Club for Growth on July 21, 2005. In the letter, the General Counsel of the FEC stated that if the parties were unable to reach an agreement, "the Commission has authorized this Office to file suit in United States District Court." Def.'s Mot. to Dismiss, Ex. 9. On September 19, 2005, the General Counsel of the FEC notified Club for Growth that it had rejected Club for Growth's

2

September 14, 2005 reconciliation offer and filed the instant lawsuit. *Id.* ¶ 19. On December 5, 2005, the Commission voted to ratify its prior decision authorizing this lawsuit. Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8.

The defendant filed a motion to dismiss arguing principally that the FEC violated FECA by authorizing the General Counsel to initiate this lawsuit prior to the conclusion of the conciliation process. Mem. Op. (June 5, 2006) at 3. The defendant also claimed that the Commission violated FECA in refusing to conciliate in good faith and by failing to provide Club for Growth with timely notice of the administrative action. *Id.* The court denied the defendant's motion. The court ruled that the plaintiff's failure to provide timely notice constituted harmless error, *id.* at 5, that the plaintiff is entitled to substantial deference in its conciliation procedures, *id.* at 6-9, and that the plaintiff properly ratified its prior decision to file suit, *id.* at 9-13.

The defendant now asks the court to certify its June 5, 2006 ruling for interlocutory appeal. For the reasons that follow, the court denies this request.

### III.    ANALYSIS

#### A.    Legal Standard for an Interlocutory Appeal Certification

A district court may certify an order for interlocutory appeal when: (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b). "The party seeking interlocutory review has the burden of persuading the Court that the circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *APCC Servs., Inc. v.*

*Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 95 (D.D.C. 2003) (citing *In Re Vitamins Antitrust Litig.*, 2000 WL 33142129 (D.D.C. Nov. 22, 2000)).

Although the decision of whether or not to certify an issue for interlocutory appeal is addressed in the court's discretion, "interlocutory appeals under 28 U.S.C. § 1292(b) are rarely allowed" and the burden is on the movant to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) (quoting *Chalfin v. Beverly Enter., Inc.*, 745 F. Supp. 1117, 1122 (E.D. Pa. 1990)); *see also Tolson v. United States*, 732 F.2d 998, 1002 (D.C. Cir. 1984) (quoting 10 Fed. Prac. & Pro. § 2658.2, at 80 (2d ed. 1983) for the proposition that "[s]ection 1292(b) 'is meant to be applied in relatively few situations and should not be read as a significant incursion on the traditional federal policy against piecemeal appeals'").

**B.   The Defendant Fails to Demonstrate a Substantial Ground for Difference of Opinion Concerning the Court's June 5, 2006 Ruling**

The defendant begins its argument by complimenting the court for "consider[ing] the ratification/jurisdiction ruling with care." Def.'s Mot. at 2. The defendant thereafter proposes six reasons why the court's June 5, 2006 opinion may be incorrect. *Id.* at 3-5. For each of these critiques, the defendant identifies a particular component of the court's ruling and explains why, in the defendant's judgment, a reasonable arguments exists to the contrary.

In demonstrating substantial grounds for a difference of opinion, the movant must do more than "claim that the district court's ruling was incorrect." *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). In arguing for a certification for

interlocutory appeal, the moving party must necessarily argue the merits of the claims previously ruled on by the court. *Oyster v. Johns-Manville Corp.*, 568 F. Supp. 83, 86 (E.D. Pa. 1983).

The gravamen of the defendant's challenges to the court's opinion concerns the applicability of the D.C. Circuit's decision in *Federal Election Commission v. Legi-Tech, Inc.*, 75 F.3d 704, 706-09 (D.C. Cir. 1996) to the case at hand. *Id.*  In its June 5, 2006 ruling, this court applied the holding in *Legi-Tech* in concluding that the agency had properly ratified its decision to file suit. Mem. Op. at 8.

The defendant argues that *Legi-Tech* does not apply to the case at bar because (1) "a decision allowing ratification to correct an unforeseen and understandable error should not be extended to allow an agency to continue, without consequence, conduct it knowingly commenced in clear violation of the law," (2) "ratification should not be allowed where, as here, it facilitates disregard of a clear legislative command," (3) "ratification should not be allowed where it encourages ongoing violations," (4) "[t]here is a reasoned distinction between ratifying a voidable action and ratifying a clear unlawful act," (5) Congress required a period of conciliation before a vote to file suit "to maximize staff incentives to compromise," (6) and "*Legi-Tech*'s futility analysis only applies where factors such as a lack of membership turnover permit a court to confidently predict that a remand would accomplish nothing." Def.'s Mot. at 3-5.

The defendant's attempts to distinguish *Legi-Tech* fall flat. Nothing in the *Legi-Tech* decision lends credence to the defendant's arguments, and, indeed, the defendant cites no other case law supporting its views. *Oyster*, 568 F. Supp. at 86.  Although one method for demonstrating a substantial ground for difference of opinion is "by adducing conflicting and contradictory opinions of courts which have ruled on the issue," *Oyster*, 568 F. Supp. at 86, the

defendant does not cite a single case supporting any of its arguments.

And though interesting, the defendant's arguments do not satisfy the heavy burden placed on the defendant to show that an exceptional circumstance exists which warrants an interlocutory appeal. *Tolson*, 732 F.2d 998. The court did not base its June 5, 2006 ruling on novel and untested legal theories, but on the legal doctrine of harmless error, *see* Mem. Op. at 5-6 (citing *Doolin v. Sec. Sav. Bank of Office of Thrift Supervision*, 139 F.3d 203, 212 (D.C. Cir. 1998)), deference to the FEC in its proceedings, *id.* at 7 (citing *Hagelin v. FEC*, 411 F.3d 237, 244 (D.C. Cir. 2005)), the plain language of the FECA provision at play in this case, *id.* at 8, and settled principles of agency ratification actions, *id.* at 9-12 (citing *Legi-Tech*, 75 F.3d at 708).

For these reasons, this case does not present a question involving a substantial ground for difference of opinion concerning the ruling. 28 U.S.C. § 1292(b). Because the defendant has failed to demonstrate the second of the three conditions required for an interlocutory appeal certification, the court denies the defendant's motion.

### IV.    CONCLUSION

For the reasons stated herein, the court denies the defendant's motion to certify an interlocutory appeal. An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of October, 2006.

RICARDO M. URBINA
United States District Court