**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Federal Election Commission, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 05-1851 (RMU) |
| | : | |
| v. | : | |
| | : | |
| Club for Growth, Inc., | : | |
| | : | |
| Defendant. | : | |

**<u>PROTECTIVE ORDER</u>**

Upon the consent of the parties to this action, and for good cause shown, the Joint

Motion For Entry Of Protective Order is GRANTED.  It is hereby ORDERED that:

1.      The term "Documents" as used in this Order shall mean all written,

recorded, (including electronically recorded) or graphic matter whatsoever.  Such

materials shall include, but not be limited to:  interrogatory answers; responses to

requests for admissions; responses to requests for production of documents, and

documents produced or served by any party or nonparty in this action, whether pursuant

to any rule, subpoena or agreement; deposition transcripts and exhibits; physical objects

or things as may be appropriate for the implementation of the purposes of this Order; and

any papers, including court papers, which quote from, summarize or refer to any of the

foregoing.

2.      The term "Club" as defined in this Order shall mean defendant Club for

Growth, Inc., its officers, directors, founders, employees, attorneys, agents, and any other

persons acting on its behalf or under its control.

3.      The term "mass public communication" as used in this Order shall mean

an advertisement via any means (including but not limited to broadcast, cable, satellite,

newspaper, magazine, internet, or outdoor advertising facility), a mass mailing or literature drop, a telephone bank, door-to-door canvass, or other means of communicating to the public at large.

4.      The Club may designate as "Confidential" any portion of a Document that contains or reflects trade secrets or other sensitive non-public information, including information for which the Club reasonably believes confidentiality is necessary to protect the Club from embarrassment, oppression, or undue burden or expense.

5.      The Club shall not designate fundraising solicitations to non-members, press releases, or mass public communications as Confidential.

6.      Plaintiff already has in its possession Documents that were produced by the Club during Matter Under Review 5365.  The Club may designate portions of those Documents as Confidential if they meet the criteria of paragraph 4 above.  If the Club seeks to make such a designation, it may do so by notifying counsel for Plaintiff in writing of the designation that it is making.

7.      Except as otherwise provided in this Order, no person shall be permitted to have access to Confidential Documents produced in the course of the proceedings herein, and all information derived therefrom, – including, but not limited to, extracts, summaries, memoranda, and correspondence quoting or containing information from Confidential Documents – (collectively "Confidential Information"), nor shall any person be informed of the substance of the Confidential Information, by any person permitted to have access thereto except as provided in this Order or otherwise agreed upon in writing or on a written record by the Club or by order of the Court.

8.      Confidential Information shall not be disclosed or distributed to any

person or entity other than the following:

(a)      the parties and the attorneys for the parties in this action (their

paralegals, clerical and other assistants) who have a clear need

therefor in connection with this action; and outside contractors

hired to copy, image, index, sort, or otherwise manage the storage

and retrieval of case materials;

(b)      persons retained by a party or counsel to serve as expert witnesses

or otherwise to provide advice to counsel in connection with this

action (referred to as "consultants"), provided such persons have

signed a declaration under penalty of perjury in the form annexed

hereto attesting to the fact that they have read this Order and agree

to be bound by its terms;

(c)      witnesses in the course of an interview, deposition, or testimony in

the reasonable and good faith belief of counsel that examination

with respect to the Confidential Information is necessary for

legitimate discovery purposes;

(d)      stenographers engaged to transcribe deposition conducted in this

action; and

(e)      the Court and its support personnel.

9.      During any deposition noticed in connection with this case, a witness or

any counsel may indicate on the record that a question calls for Confidential Information,

or that an answer has disclosed Confidential Information. Such Information may be so

designated either:

> (a)  during the deposition, in which case the transcript of the
>
> designated testimony shall be bound in a separate volume and
>
> marked "Confidential Information"; or
>
> (b)  by written notice to the reporter and to all counsel of record, given
>
> within ten (10) calendar days after the date of the reporter's written
>
> notice to the deponent or its counsel that the transcript is available
>
> for review, in which case the reporter and all counsel receiving
>
> notice of the designation shall be responsible for marking the
>
> copies of the transcript in their possession or under their control as
>
> directed by the designating party.
>
> When a designation is made during a deposition, upon the request
>
> of counsel, all persons, except persons entitled to receive the
>
> Confidential Information pursuant to this Order, shall leave the
>
> room where the deposition is proceeding until completion of the
>
> answer or answers containing Confidential Information.

10.  Persons described in paragraph 8 above shall be restricted to using

Confidential Information only for purposes directly related to this action and not for any

other litigation or proceeding or for any business, commercial, competitive, personal or

other purpose.  Photocopies of documents containing such information shall be made

only to the extent necessary to facilitate the permitted use hereunder.

11.    Confidential Information shall not be disclosed to any person or persons described under subparagraphs 8(b), 8(c), or 8(d) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms, by subscribing to a document in the form of the "Acknowledgment" attached hereto as Appendix A.  A copy of each executed Acknowledgment shall be kept by counsel for the party on behalf of which disclosure is made pursuant to paragraph 6 until thirty days after the termination of this action, including appeals.

12.    All Confidential Information that is filed with the Court, and any pleadings, motions, exhibits, or other papers filed with the Court disclosing Confidential Information, shall be filed under seal and kept under seal until further order of the Court. The parties agree, where practicable, to designate only the confidential portions of filings with the Court to be filed under seal.  To facilitate compliance with this Order by the Clerk's office, these materials shall be contained in a sealed envelope/box bearing the designation "DOCUMENT UNDER SEAL" on its front face.  In addition, the envelope/box shall bear the case number, title of the Court, a descriptive title of the document(s) that does not disclose the sensitive information, and shall state thereon that it is filed under the terms of this Order and the date this Order is entered.

13.    This Order shall not preclude Plaintiff from objecting to a Confidential designation and, if necessary, seeking a ruling from the Court pursuant to subsections (a) through (c) of this paragraph regarding the validity or propriety of any claim of confidentiality asserted by the Club, or otherwise seeking to unseal material that has been designated Confidential.  With respect to documents that Plaintiff seeks to file with the

Court, nothing in this Order alters the traditional burden on a party requesting that a document be filed with the Court under seal.

(a)     In the event that Plaintiff objects to the designation by the Club of any document or discovery materials, or any portion thereof, as "Confidential," counsel for Plaintiff shall advise counsel for the Club in writing of the objection and identify the document or material with sufficient specificity to permit counsel for the Club to identify it.

(b)     Within seven (7) calendar days of receiving this written objection, the Club shall advise Plaintiff in writing whether the "Confidential" designation will be removed. If the Club continues to assert the "Confidential" designation, the parties shall meet and confer at a mutually agreed time within seven (7) calendar days following service of the response to the objections to the designation.

(c)     If the appropriate designation cannot be resolved, then the parties will present the dispute to the Court consistent with this Court's Standing Order for Civil Cases, filed in this case on August 21, 2006 [Docket #28].  During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information subject to the provisions of this Order.

14.     If Plaintiff is requested to disclose publicly any Confidential Information pursuant to the Freedom of Information Act ("FOIA"), it will promptly notify counsel for

the Club.  Plaintiff shall not disclose material protected by this Order in response to any

such FOIA request, except pursuant to an order of this Court, or a court of competent

jurisdiction.

15.     The termination of this litigation shall not relieve any person or party

provided Confidential Information of his, her or its obligations under this Order.

16.     Nothing in this Order shall prevent or in any way limit or impair the right

of counsel for the government to seek relief from the constraints of this Order in order to

report an apparent criminal violation of the law.

17.     Nothing in this protective order shall preclude any federal government

agency from independently seeking documents covered by this Protective Order in

connection with a separate proceeding.

18.     Nothing in this Order shall prevent the Club from using or disclosing its

own documents or other information.

19.     The inadvertent production of documents containing information protected

by the attorney-client privilege, work product doctrine, or other privileges recognized by

law shall not be deemed a waiver, in whole or in part, of a party's claim of privilege as to

either document or information disclosed, or to related documents or information.

20.     Nothing in this Order shall affect the right of the Club to seek additional

protection against the disclosure of any documents or information.

21.     The provisions of this Order restricting the use and disclosure of

Confidential Information shall not apply to documents or other information which were,

are, or become public knowledge.

22.    Notwithstanding anything to the contrary that may be set forth herein, the

parties understand that the Court shall retain the authority to modify this Order upon good

cause shown.

23.    This Order shall take effect immediately.

So ORDERED, this 17th day of January, 2007.


                                            RICARDO M. URBINA
                                            United States District Judge

APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Federal Election Commission, Plaintiff,    )
                                            )
v.                                          )        Case No. 1:05cv01851 (RMU)
                                            )
The Club for Growth, Inc., Defendant.       )

**ACKNOWLEDGMENT**

The undersigned hereby declares under penalty of perjury that he (she) has read

the Protective Order (the "Order") entered in the United States District Court for the

District of Columbia in the above captioned action, understands its terms and agrees to be

bound by each of those terms.  Specifically, and without limitation, the undersigned

agrees not to use or disclose any Confidential Information made available to him (her)

other than in strict compliance with the Order.  The undersigned acknowledges that his

(her) duties under the Order shall survive the termination of this case and are permanently

binding, and that failure to comply with the terms of the Order may result in the

imposition of sanctions by the Court.

DATED: _____    BY: _____
                                                     (type or print name)


                                            SIGNED: _____

9