UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-1851 (RMU) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CITIZENS CLUB FOR GROWTH, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**CONSENT JUDGMENT**

This action for declaratory, injunctive and other appropriate relief was instituted by the Commission pursuant to the express authority granted the plaintiff Federal Election Commission ("Commission") by sections 307(a)(6) and 309(a)(6)(A) of the Federal Election Campaign Act of 1971, as amended ("the Act"), codified at 2 U.S.C. §§ 437d(a)(6) and 437g(a)(6)(A). The Commission has satisfied all of the jurisdictional requirements that are prerequisites to the initiation of this suit.

The Commission and defendant Citizens Club for Growth, Inc. f/k/a Club for Growth, Inc. ("Defendant") having stipulated to the entry of this judgment, it is HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The caption of these proceedings is changed to Federal Election Commission v. Citizens Club For Growth, Inc.

2. Defendant does not contest the Commission's conclusions, and the Court therefore finds, that Defendant violated 2 U.S.C. §§ 433 and 434 by failing to register and report as a political committee as of August 2000.

3. Defendant does not contest the Commission's conclusions, and the Court therefore finds, that Defendant violated 2 U.S.C. § 441a(f) by accepting contributions from individuals in excess of $5,000 and 2 U.S.C. § 441b(a) by accepting corporate contributions.

4. Defendant and its successors, assigns, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this order are permanently enjoined, pursuant to 2 U.S.C. § 437g(a)(6)(B), from: (1) violating 2 U.S.C. §§ 433 and 434 by failing to register and report as a political committee any entity that has triggered political committee status, and (2) violating 2 U.S.C. § 441a(f) by accepting contributions to a political committee in excess of $5,000 and 2 U.S.C. § 441b(a) by accepting corporate contributions to a political committee. Defendant will provide a copy of this judgment to each of its successors, assigns, officers, agents, servants, employees, and attorneys. See 2 U.S.C. § 437g(a)(6)(B).

5. Within thirty days of the entry of this Consent Judgment, Defendant shall pay a civil penalty to the Federal Election Commission in the amount of $350,000 pursuant to 2 U.S.C. 437g(a)(6)(B).

6. Within thirty days of entry of this Consent Judgment, Defendant shall file reports with the Commission containing information required to be disclosed by federal political committees for its activities from August 2000 until the date of this Consent Judgment. With respect to time periods for which Defendant has already filed Form 8872 reports with the Internal Revenue Service, Defendant may fulfill this obligation by submitting copies of such

reports filed with the Internal Revenue Service for activities during such period, supplemented with the additional information that federal political committees are required to include on page 2 of the Summary Page of Receipts and Disbursements of FEC Form 3X.  Defendant will have no further filing obligations in connection with this time period.  Defendant agrees to register with and report to the Commission as a political committee in the event that it should engage in activities that the Commission has concluded would trigger federal political committee status in connection with future elections, and will comply with any and all applicable provisions of the Act and Commission regulations.

7. After payment of the civil penalty pursuant to section 5, supra, and legal expenses associated with this matter, and reserving $5,000, Defendant shall disgorge to the United States Treasury any remaining funds up to the total amount the Commission concluded that Defendant has accepted in violation of the contribution limits and prohibitions in 2 U.S.C. §§ 441 and 441b, as set forth in the stipulation of the parties.

8. Defendant's counterclaim is dismissed with prejudice.

9. All parties shall bear their own costs and attorney fees.

10. It is hereby ordered that this Court shall retain jurisdiction of this action, and of any ancillary or supplemental actions thereto, in order to, among other things, implement and carry out the terms of all orders, judgments, and decrees that may be entered herein, including those that may be necessary to assure compliance with this Consent Judgment.

The Clerk of the Court is directed to enter this Judgment.

So ORDERED, this ____ day of _____, 200_.

_____
Ricardo M. Urbina
UNITED STATES DISTRICT JUDGE

Case 1:05-cv-01851-RMU    Document 37-2    Filed 09/05/2007    Page 4 of 4